IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITE HERE HEALTH, | ) | |
| | ) | |
| MATTHEW WALKER, as fiduciary of | ) | |
| UNITE HERE HEALTH, | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | NO. 26 C 8510 |
| vs. | ) | |
| | ) | JUDGE |
| GALAXY MANAGEMENT COMPANY, LLC, | ) | |
| d/b/a COURTYARD BY MARRIOTT MAHWAH, | ) | |
| | ) | |
| AYUSH SRIVASTAVA, | ) | |
| | ) | |
| CYNTHIA M. AMARO, GENERAL MANAGER | ) | |
| OF COURTYARD BY MARRIOTT MAHWAH, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

The Plaintiffs, UNITE HERE HEALTH ("Welfare Fund") and MATTHEW WALKER, as

fiduciary of UNITE HERE HEALTH (collectively "Plaintiffs"), by their attorneys, complaining

of the Defendants, GALAXY MANAGEMENT COMPANY, LLC, d/b/a COURTYARD BY

MARRIOTT MAHWAH, AYUSH SRIVASTAVA and CYNTHIA M. AMARO, GENERAL

MANAGER OF COURTYARD BY MARRIOTT MAHWAH, and, allege as follows:

**JURISDICTION**

1.      This action arises under the laws of the United States and is brought pursuant to the

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515,

29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising

thereunder, as hereinafter more fully appears.

**PARTIES**

2.      Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5) and 29 U.S.C. §186(c)(5).  The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3.      The Trustees of the Welfare Fund and the Seventh Amended and Restated Agreements and Declarations of Trusts ("Welfare Fund Trust Indenture") governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf.  Matthew Walker, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4.      Defendant, Galaxy Management Company, LLC, is a limited liability company doing business as Courtyard by Marriott Mahwah, which is engaged in the hospitality industry with a principal  place of business located at 140 State Route 17 South, Mahwah, NJ 07430-1174.

**VENUE**

5.      The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting welfare contributions and administering welfare benefits at 711 North Commons Drive, Aurora, Illinois.  Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

2

**FACTS**

6.  Defendant is an employer engaged in an industry affecting commerce and has agreed to be bound by certain collective bargaining agreements, as established below, under which Defendant is required, *inter alia*, to pay employee fringe benefits in the form and manner of monthly contributions to the Welfare Fund, in a sum certain, for and on behalf of Defendant's eligible employees.

7.  Defendant, by its authorized agent, executed an Assumption Agreement which bound Defendant to a collectively-bargained labor agreement known as the Greater Regional Industry-Wide Agreement between the Hotel & Gaming Trades Counsel, AFL-CIO and Hotel Association of New York City, Inc., effective through March 31, 2028 (the "Agreement"), which require contributions be made to the Welfare Fund for and on behalf of Defendant's eligible employees.

8.  The Agreement bound Defendant to the Welfare Fund Trust Indenture under the terms of which Defendant, *inter alia*, shall pay, in addition to the amounts determined to be due, interest, liquidated damages, attorneys' fees and costs, audit costs, court costs and any other reasonable costs incurred by Plaintiffs in the collection process.

9.  Plaintiffs have complied with all conditions precedent in bringing this action.

10.  A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

## COUNT I
## WELFARE FUND DELINQUENCIES

11. The Welfare Fund incorporates by reference Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. Defendant has failed to submit payments to the Welfare Fund for benefits for the eligible employees identified on the audit report for unpaid contributions, liquidated damages, interest and audit costs for the audit period March 1, 2024 through December 31, 2025.

13. Defendant has also failed to submit payments to the Welfare Fund for benefits due for employees who performed work covered under the collective bargaining agreement for the work months of December 2025 through March 2026, May 2026 and June 2026. In addition, Defendant paid contributions late for the work months of November 2025 through March 2026, May 2026 and June 2026 and owes unpaid interest and liquidated damages for the reports paid late.

14. As a result of the failure to make the required contributions for the audit, Defendant is currently indebted to the Welfare Fund in the following amounts:

| | |
|---|---|
| Principal | $20,682.94 |
| Interest | $ 24.79 |
| Liquidated Damages | $ 4,136.59 |
| Audit Costs | $ 5,631.52 |
| TOTAL | $30,475.84 |

15. As a result of the failure to make the required contributions, Defendant is currently indebted to the Welfare Fund in the following amounts:

| | |
|---|---|
| Principal | $139,215.90 |
| Interest | $ 3,205.22 |
| Liquidated Damages | $ 28,030.42 |
| TOTAL | $170,451.54 |

16.     Interest has continued to accrue on the unpaid contributions and will continue to accrue during the pendency of this litigation.

17.     The total amount currently due and owing to the Welfare Fund is $200,927.38, plus accruing interest, costs and attorneys' fees, subject, however, to the possibility that additional amounts may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

18.     By failing to make the appropriate contributions to the Welfare Fund, Defendant has breached the Agreements and ERISA §§515, 29 U.S.C. §§1145.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant as follows:

(a)     on behalf of the Welfare Fund, the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b)     that an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(c)     all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(d)     such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).

5

## COUNT II
## CONVERSION

19.     The Welfare Fund incorporates by reference Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.     Under the Agreement referenced in Paragraph 7, the employer and employee are both responsible for a portion of the contributions due to the Fund.  The Agreement provides for the percentages of contributions for which the employer is responsible and the balance for which the employee is responsible.

21.     The employee portions of the contributions are pre-tax wage deductions, that, upon information and belief, Defendant, GALAXY MANAGEMENT COMPANY, LLC, d/b/a COURTYARD BY MARRIOTT MAHWAH, has been deducting from its employees' wages.

22.     Since Defendant, GALAXY MANAGEMENT COMPANY, LLC, d/b/a COURTYARD BY MARRIOTT MAHWAH, has not paid all contributions due from March 1, 2024 through December 31, 2025, January 2026 through March 2026, May 2026 and June 2026, it has also retained, and converted to it own use, the employee portions of the contributions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant, GALAXY MANAGEMENT COMPANY, LLC, d/b/a COURTYARD BY MARRIOTT MAHWAH, as follows:

(a)     on behalf of the Welfare Fund, the employee portion of the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture.

6

(b)     all reasonable attorneys' fees and costs incurred by Plaintiffs in this action as provided for under the Welfare Trust Indenture; and

(c)     such other legal or equitable relief as this Court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTY FOR DEFENDANT'S
## AGENTS AYUSH SRIVASTAVA AND CYNTHIA M. AMARO'S
## PROHIBITED USE OF EMPLOYEE PORTION OF CONTRIBUTIONS DUE

23.     The Welfare Fund incorporates by reference Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

24.     All employee portions of the amounts due the Welfare Fund, which are deducted from employees' wages, are plan assets by operation of law.

25.     Defendants, Ayush Srivastava and Cynthia M. Amaro, are agents of Defendant, GALAXY MANAGEMENT COMPANY, LLC, d/b/a COURTYARD BY MARRIOTT MAHWAH, with discretionary authority over Defendant's day-to-day operations, control plan assets, i.e., the employee portion of the contributions owed to Plaintiff Fund.

26.     On information and belief, Defendants deducted the employee portions of amounts due the Fund from wages of its employees and failed to pay those amounts to the Fund. The Defendants, Ayush Srivastava and Cynthia M. Amaro, have thereby used plan assets in a manner prohibited by ERISA, for their own use, and not for the use of the participants and beneficiaries.

27.     Defendants, Ayush Srivastava and Cynthia M. Amaro, have breached their fiduciary duties to the Welfare Fund and are personally liable for the amounts due the Welfare Fund for the employee portion of the amounts alleged due in Count I.

7

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants, Ayush Srivastava and Cynthia M. Amaro, as follows:

(a)     on behalf of the Welfare Fund, the employee portion of the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b)     all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(c)     such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

**COUNT IV**
**BREACH OF FIDUCIARY DUTY FOR DEFENDANT'S**
**AGENTS AYUSH SRIVASTAVA AND CYNTHIA M. AMARO'S**
**PROHIBITED USE OF EMPLOYER PORTION OF CONTRIBUTIONS DUE**

28.     The Welfare Fund incorporates by reference Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

29.     Article Five, Section 5.03, of the Welfare Trust Indenture provides "contributions made or required to be made pursuant to a collective bargaining agreement, participation agreement or other agreement acceptable to the Trustees, or in accordance with the Minimum Standards, are plan assets, whether or not they are received or collected by the Fund."

30.     Defendants, Ayush Srivastava and Cynthia M. Amaro, as the holders of Plan assets, as defined in the Welfare Trust Indenture, are fiduciaries, under ERISA 29 U.S.C. 1002(21)(A), and have used contributions due to the Fund in a manner prohibited by ERISA, for their own use, and not for the use of the participants and beneficiaries.

8

31.     Defendants, Ayush Srivastava and Cynthia M. Amaro, have breached their fiduciary duties to the Fund and are personally liable for the employer portion due the Welfare Fund.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants,  Ayush Srivastava and Cynthia M. Amaro, as follows:

(a)     on behalf of the Welfare Fund, the employer portion of the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b)     all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(c)     such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

/s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.: 6210637
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

i:\herew\courtyard marriott mahwah\complaint.lmf.df with lmf changes.docx

9